FENNEMORE CRAIG, P.C.
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert III, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, NV 89501
Tel:  (775) 788-2228
lhart@fclaw.com, jtennert@fclaw.com
*Attorneys for Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation*

MCGUIREWOODS LLP
*(Pro Hac Vice* to be submitted)
John H. Maddock III, Esq.
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:  (804) 775-1000
jmaddock@mcguirewoods.com
*Attorneys for Federal Home Loan Mortgage Corporation*

SNELL & WILMER LLP
Amy F. Sorenson, Esq. (SBN 12495)
Erica J. Stutman, Esq. (SBN 10794)
Robin E. Perkins, Esq. (SBN 9891)
Kelly H. Dove, Esq. (SBN 10569)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Tel:  (702) 784-5200
asorenson@swlaw.com
estutman@swlaw.com, rperkins@swlaw.com, kdove@swlaw.com
*Attorneys for Federal National Mortgage Association*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>THUNDER PROPERTIES, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs Federal Housing Finance Agency ("FHFA" or the "Conservator"), in its capacity as Conservator for Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "Enterprises"), Fannie

1

Mae, and Freddie Mac, by and through their attorneys of record, for their Complaint against Thunder Properties, Inc. ("Thunder Properties"), allege as follows:[1]

## I. INTRODUCTION

1. This is an action for (1) a declaratory judgment that notwithstanding any contrary Nevada law, federal law prevents foreclosure of an HOA lien from extinguishing a Fannie Mae, Freddie Mac, or Conservator lien on a property while the Enterprise is in FHFA conservatorship, and that therefore the Enterprise Liens continued to encumber the properties notwithstanding the HOA Foreclosure Sales, and (2) a quiet-title judgment recognizing the continued validity of the Enterprise Liens.

2. In July 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110–289, 122 Stat. 2654, *codified at* 12 U.S.C. § 4511 *et seq.* HERA includes an array of broad privileges, immunities, and exemptions from otherwise applicable law that facilitate the Conservator's exercise of its statutory powers. Here, 12 U.S.C. § 4617(j)(3) mandates that while Fannie Mae and Freddie Mac are in conservatorship, none of their property "shall be subject to . . . foreclosure[] . . . without the consent of [FHFA]."

3. A Nevada statute provides HOAs with super-priority liens that HOAs may foreclose to recover up to nine months of delinquent HOA dues. Nev. Rev. Stat. § 116.3116(2). Nevada law allows HOAs to recover only up to six months of delinquent HOA dues where an Enterprise Lien encumbers the property. *Id.* The Nevada Supreme Court has held that a foreclosure authorized and properly conducted under Nev. Rev. Stat. § 116.3116 can extinguish other interests in the underlying property, including deeds of trust. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014).

4. The Conservator has not consented to the extinguishment of either Enterprise's interest in any property that has been the subject of an HOA Foreclosure Sale.

5. Defendant is the current record owner of at least 13 properties that have been the subject of completed HOA Foreclosure Sales and are encumbered by Enterprise Liens.

---

[1] Capitalized terms not defined in the text, *supra* and *infra*, are defined in Section II at ¶¶ 7-11.

6. Because Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116, HOA Foreclosure Sales did not extinguish the Enterprises' interests in the subject properties, and, therefore, Thunder Properties has taken title subject to Enterprise Liens. *See, e.g.*, *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015) ("[A] straightforward reading of the statutory language bars the HOA's foreclosure in this case from extinguishing the Deed of Trust without FHFA's consent, regardless of the HOA lien's super-priority under state law."); *id.* at 1159 ("The Court finds that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship.").

## II.  DEFINITIONS

7. "Common-Interest Community" means "real estate described in a declaration with respect to which a person, by virtue of an ownership interest in a [U]nit" located within the community, "is obligated to pay for a share of real estate taxes, insurance premiums, maintenance or improvement of, or services or other expenses related to common elements, Units, or other real property described in the declaration." Nev. Rev. Stat. § 116.021(1).

8. "Enterprise Lien" means a lien owned by Fannie Mae, Freddie Mac, or the Conservator that is evidenced by a deed of trust relating to a mortgage loan for which a Unit serves as collateral.

9. "Homeowners' Association" or "HOA" is any Unit-owners' "association organized under Nev. Rev. Stat. § 116.3101." *Id.* § 116.011.

10. "HOA Foreclosure Sale" means completed HOA foreclosure proceedings provided for in Nev. Rev. Stat. § 116.3116(2).

11. "Unit" means "a physical portion of a [C]ommon-[I]nterest [C]ommunity" that is "designated for separate ownership or occupancy, the boundaries of which are" created by the declaration related to the Common-Interest Community. *See* Nev. Rev. Stat. § 116.093 (citing Nev. Rev. Stat. § 116.2105); *id.* § 116.037 (defining declarations as "any instruments, however denominated, that create a [C]ommon-[I]nterest [C]ommunity, including any amendments to those instruments").

### III.  PARTIES

12. FHFA is an independent federal agency created under HERA on July 30, 2008, as the exclusive federal supervisory regulator of Fannie Mae and Freddie Mac.  HERA authorizes FHFA to place the Enterprises into conservatorships and to act as their Conservator.

13. On September 6, 2008, the Director of FHFA placed the Enterprises into conservatorships and appointed FHFA as their Conservator.  In that capacity, FHFA succeeded to "all rights, titles, powers, and privileges" of each Enterprise, including but not limited to the authority to bring suits on behalf of either or both Enterprises.  *See* 12 U.S.C. § 4617(b)(2).  FHFA brings this action in its capacity as Conservator of the Enterprises.  The Conservator is located at 400 Seventh Street, S.W., in Washington, District of Columbia.

14. Fannie Mae is a government-sponsored enterprise chartered by Congress with the mission to provide stability and liquidity to the United States housing and mortgage markets by establishing secondary mortgage market facilities for residential mortgages.  *See id.* § 1716.  Fannie Mae is located at 3900 Wisconsin Avenue, N.W., in Washington, District of Columbia.

15. Freddie Mac is a government-sponsored enterprise chartered by Congress with the mission to provide liquidity, stability, and affordability to the United States housing and mortgage markets, including by establishing secondary market facilities for residential mortgages and by promoting access to mortgage credit throughout the nation.  *Id.* § 1451 note.  Freddie Mac is located at 8200 Jones Branch Drive in McLean, Virginia.

16. The Enterprises fulfill their congressionally mandated missions by purchasing residential mortgage loans originated by banks and other qualified lenders that use the proceeds from those sales to originate additional mortgages.  The Enterprises finance these purchases by bundling the purchased mortgage loans into mortgage-backed securities that are sold to investors with ownership of the mortgage loans themselves remaining with the Enterprises.

17. The Enterprises' purchase of mortgage loans gives rise to a property interest in the Units that secure the mortgage debt, including an ownership interest and a security interest in the deeds of trust and the liens securing that debt.

///

18. Defendant Thunder Properties is a Nevada domestic corporation that purchases, leases, and manages residences in Nevada. Thunder Properties is located at 397 3rd Avenue, Suite A, Chula Vista, California. It also maintains places of business at 6360 East Sahara Avenue, Las Vegas, Nevada and 966 Bernice Court, Sparks, Nevada.

## IV.  JURISDICTION AND VENUE

19. This action seeks declaratory and injunctive relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, including but not limited to a declaration under Nevada's quiet-title statute, Nev. Rev. Stat. § 40.010.

20. The Court has subject matter jurisdiction over this matter pursuant to at least four statutory provisions:

- 28 U.S.C. § 1332, because all Plaintiffs are "citizens of different states" than Thunder Properties, and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs";

- 28 U.S.C. § 1331, because the claims asserted "aris[e] under the Constitution [and] laws . . . of the United States";

- 12 U.S.C. § 1452(f), which provides that "[n]otwithstanding . . . any other provision of law . . . all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value . . . ."; and

- 12 U.S.C. § 1723a(a), which provides that Fannie Mae may "sue" and "complain" in any Federal court of competent jurisdiction.

21. Venue lies in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391, because Thunder Properties is a Nevada domestic corporation, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

22. This Court may assume and exercise in rem jurisdiction over the properties at issue here as none of the Units identified in this Complaint are the subjects of Nevada state court litigation.

23. The Court has personal jurisdiction over Thunder Properties because this lawsuit arises out of and is connected with Thunder Properties' purposeful purchase of interests in Units sited in Nevada. Moreover, Thunder Properties is a Nevada domestic corporation.

5

## V. THE CONTROVERSY AND PLAINTIFFS' STANDING

24. This action arises out of the Parties' disputed rights in residential Units that are sited within Common-Interest Communities and were, at the time of the HOA Foreclosure Sales, encumbered by Enterprise Liens. These Units have been the subject of HOA Foreclosure Sales.

25. Thunder Properties is the current record owner of the following 13 Units (collectively, the "Properties"). The information for each is summarized in this table:

| Property Address | APN | Current Record Owner | Loan Number |
|---|---|---|---|
| 1013 Ringneck Way, Sparks, NV | 530-342-05 | THUNDER PROPERTIES INC | Fannie Mae 1701710672 |
| 10527 Meeks Bay Court, Reno, NV | 160-684-10 | THUNDER PROPERTIES INC | Fannie Mae 1703340147 |
| 13131 Mount Logan Street, Reno, NV | 086-754-14 | THUNDER PROPERTIES INC | Fannie Mae 1699072349 |
| 13483 Mount Whitney Street, Reno, NV | 086-748-07 | THUNDER PROPERTIES INC | Fannie Mae 1704185449 |
| 1691 York Way, Sparks, NV | 027-490-02 | THUNDER PROPERTIES INC | Fannie Mae 1695080036 |
| 2300 Dickerson Road, Unit 13, Reno, NV | 006-300-06 | THUNDER PROPERTIES INC | Fannie Mae 1709634948 |
| 2655 Daffodil Way, Reno, NV | 004-393-93 | THUNDER PROPERTIES INC | Fannie Mae 1703074272 |
| 3433 Skyline Boulevard, Reno, NV | 023-421-03 | THUNDER PROPERTIES INC | Fannie Mae 600239744 |
| 6850 Sharlands Avenue, Unit L-1072, Reno, NV | 212-078-27 | THUNDER PROPERTIES INC | Fannie Mae 4004976984 |
| 872 Tanager Street, No. 38, Incline Village, NV | 132-560-21 | THUNDER PROPERTIES INC | Fannie Mae 1698692031 |
| 9471 Canyon Meadows Drive, Reno, NV | 550-294-11 | THUNDER PROPERTIES INC | Freddie Mac #####3863 |
| 8870 Dixon Lane, Reno, NV | 043-102-13 | THUNDER PROPERTIES INC | Freddie Mac #####6691 |
| 7013 Voyage Drive, Sparks, NV | 526-533-06 | THUNDER PROPERTIES INC | Fannie Mae 1704882212 |

26. Fannie Mae purchased the loan for which 1013 Ringneck Way, Sparks, Nevada (the "Ringneck Way Property") served as collateral on or about August 1, 2006, and the deed of trust for that loan encumbered the Ringneck Way Property at the time of the HOA foreclosure sale. The Ringneck Way Property, APN 530-342-05, is subject to a declaration of covenants, conditions, and

restrictions for Eagle Canyon Homeowners' Association ("Eagle Canyon HOA").  On or about May 20, 2011, Red Rock Financial Services, as agent for Eagle Canyon HOA, recorded a lien on the Ringneck Way Property for delinquent HOA dues.  Red Rock Financial Services, as agent for Eagle Canyon HOA, filed a notice of default and election to sell under homeowners' association lien on or about July 5, 2011.  Red Rock Financial Services, as agent for Eagle Canyon HOA, recorded a notice of foreclosure sale on or about July 10, 2013.  The HOA foreclosure sale was held on or about August 7, 2013, and Red Rock Financial Services, as agent for Eagle Canyon HOA, sold the Ringneck Way Property to Thunder Properties for $4,200.00.  On or about August 26, 2013, Red Rock Financial Services, as agent for Eagle Canyon HOA, recorded a foreclosure deed that transferred the Ringneck Way Property to Thunder Properties.

27.    Fannie Mae purchased the loan for which 10527 Meeks Bay Court, Reno, Nevada (the "Meeks Bay Court Property") served as collateral on or about April 1, 2007, and the deed of trust for that loan encumbered the Meeks Bay Court Property at the time of the HOA foreclosure sale.  The Meeks Bay Court Property, APN 160-684-10, is subject to a declaration of covenants, conditions, and restrictions for the Double Diamond Ranch Master Association ("Double Diamond Ranch MA").  On or about February 1, 2011, Alessi & Koenig, LLC ("Alessi & Koenig"), as trustee for Double Diamond Ranch MA, recorded a notice of lien on the Meeks Bay Court Property for delinquent HOA dues.  Alessi & Koenig, as trustee for Double Diamond Ranch MA, filed a notice of default and election to sell under homeowners' association lien on or about June 8, 2011.  Alessi & Koenig, as trustee for Double Diamond Ranch MA, recorded a notice of trustee's sale on or about March 13, 2013.  The HOA trustee's sale was held on or about April 4, 2013, and Alessi & Koenig, as trustee for Double Diamond Ranch MA, sold the Meeks Bay Court Property to Thunder Properties for $14,500.00.  On or about May 2, 2013, Alessi & Koenig, as trustee for Double Diamond Ranch MA, recorded a trustee's deed upon sale that transferred the Meeks Bay Court Property to LVDG, LLC, Series 105.  On or about July 22, 2015, LVDG, LLC, Series 105 recorded a grant deed that transferred the Meeks Bay Court Property to Thunder Properties.

28.    Fannie Mae purchased the loan for which 13131 Mount Logan Street, Reno, Nevada (the "Mount Logan Street Property") served as collateral on or about August 1, 2005, and the deed

1  of trust for that loan encumbered the Mount Logan Street Property at the time of the HOA

2  foreclosure sale.  The Mount Logan Street Property, APN 086-754-14, is subject to a declaration of

3  covenants, conditions, and restrictions for Sierra View Estates Unit One Homeowners' Association

4  ("Sierra View Estates Unit One HOA").  On or about February 17, 2012, Kern & Associates, Ltd.

5  ("Kern & Associates"), as attorney for Sierra View Estates Unit One HOA, recorded a notice of lien

6  on the Mount Logan Street Property for delinquent HOA dues.  Phil Frink & Associates, Inc., as

7  agent for Sierra View Estates Unit One HOA, filed a notice of default and election to sell under

8  homeowners' association lien on or about April 19, 2012.  Kern & Associates, as attorney for Sierra

9  View Estates Unit One HOA, recorded a notice of homeowners association sale on or about

10 June 13, 2014.  The HOA foreclosure sale was held on or about August 7, 2014, and Kern &

11 Associates, as attorney for Sierra View Estates Unit One HOA, sold the Mount Logan Street

12 Property to Thunder Properties for $6,600.00.  On or about August 22, 2014, Kern & Associates, as

13 attorney for Sierra View Estates Unit One HOA, recorded a deed in foreclosure of assessment lien

14 that transferred the Mount Logan Street Property to Thunder Properties.

15         29.     Fannie Mae purchased the loan for which 13483 Mount Whitney Street, Reno,

16 Nevada (the "Mount Whitney Street Property") served as collateral on or about July 1, 2007, and

17 the deed of trust for that loan encumbered the Mount Whitney Street Property at the time of the

18 HOA foreclosure sale.  The Mount Whitney Street Property, APN 086-748-07, is subject to a

19 declaration of covenants, conditions, and restrictions for Sierra View Estates Unit One HOA.  On or

20 about May 2, 2013, Kern & Associates, as attorney for Sierra View Estates Unit One HOA,

21 recorded a notice of lien on the Mount Whitney Street Property for delinquent HOA dues.  Kern &

22 Associates, as attorney for Sierra View Estates Unit One HOA, filed a notice of default and election

23 to sell under homeowners' association lien on or about June 25, 2013.  Kern & Associates, as

24 attorney for Sierra View Estates Unit One HOA, recorded a notice of homeowners association sale

25 on or about June 3, 2014.  The HOA foreclosure sale was held on or about August 7, 2014, and

26 Kern & Associates, as attorney for Sierra View Estates Unit One HOA, sold the Mount Whitney

27 Street Property to Thunder Properties for $5,301.00  On or about August 22, 2014, Kern &

28

Associates, as attorney for Sierra View Estates Unit One HOA, recorded a deed in foreclosure of assessment lien that transferred the Mount Whitney Street Property to Thunder Properties.

30.     Fannie Mae purchased the loan for which 1691 York Way, Sparks, Nevada (the "York Way Property") served as collateral on or about March 1, 2004, and the deed of trust for that loan encumbered the York Way Property at the time of the HOA foreclosure sale. The York Way Property, APN 027-490-02, is subject to a declaration of covenants, conditions, and restrictions for Yorkshire Manor Association ("Yorkshire Manor"). On or about March 1, 2013, Kern & Associates, as attorney for Yorkshire Manor, recorded a notice of lien on the York Way Property for delinquent HOA dues. Kern & Associates, as attorney for Yorkshire Manor, filed a notice of default and election to sell under homeowners' association lien on or about July 8, 2013. Kern & Associates, as attorney for Yorkshire Manor, recorded a notice of homeowners association sale on or about December 31, 2013. The HOA foreclosure sale was held on or about January 22, 2014, and Kern & Associates, as attorney for Yorkshire Manor, sold the York Way Property to Thunder Properties for $8,410.00. On or about February 27, 2014, Kern & Associates, as attorney for Yorkshire Manor, recorded a deed in foreclosure of assessment lien that transferred the York Way Property to Thunder Properties.

31.     Fannie Mae purchased the loan for which 2300 Dickerson Road, Unit 13, Reno, Nevada (the "Dickerson Road Property") served as collateral on or about July 9, 2009, and the deed of trust for that loan encumbered the Dickerson Road Property at the time of the HOA foreclosure sale. The Dickerson Road Property, APN 006-300-06, is subject to a declaration of covenants, conditions, and restrictions for Shoreline Condominium Association (Shoreline CA"). On or about September 12, 2013, Shoreline CA attached an assessment lien on the Dickerson Road Property for delinquent HOA dues. On or about November 7, 2013, Hampton & Hampton Collection, LLC ("H & H"), as trustee for Shoreline CA, filed a notice of default and election to sell under homeowners' association lien. H & H, as trustee for Shoreline CA, recorded a notice of trustee's sale on or about July 23, 2014. The HOA trustee's sale was held on or about September 18, 2014, and H & H, as trustee for Shoreline CA, sold the Dickerson Road Property to Thunder Properties for $7,913.00.

1  On or about October 20, 104, H & H, as trustee for Shoreline CA, recorded a trustee's deed upon
2  sale that transferred the Dickerson Road Property to Thunder Properties.

3        32.     Fannie Mae purchased the loan for which 2655 Daffodil Way, Reno, Nevada (the
4  "Daffodil Way Property") served as collateral on or about February 1, 2007, and the deed of trust
5  for that loan encumbered the Daffodil Way Property at the time of the HOA foreclosure sale. The
6  Daffodil Way Property, APN 004-393-93, is subject to a declaration of covenants, conditions, and
7  restrictions for Sierra Gardens Homeowners' Association ("Sierra Gardens HOA"). On or about
8  January 17, 2013, Sierra Gardens HOA recorded a notice of lien on the Daffodil Way Property for
9  delinquent HOA dues. Allied Trustee Services, as trustee for Sierra Gardens HOA, filed a notice of
10 default and election to sell under homeowners' association lien on or about February 21, 2013.
11 Allied Trustee Services, as trustee for Sierra Gardens HOA, recorded a notice of trustee's sale on or
12 about June 4, 2013. The HOA trustee's sale was held on or about July 2, 2013, and Allied Trustee
13 Services, as trustee for Sierra Gardens HOA, sold the Daffodil Way Property to Thunder Properties
14 for $3,098.33. On or about July 25, 2013, Allied Trustee Services, as trustee for Sierra Gardens
15 HOA, recorded a trustee's deed upon sale that transferred the Daffodil Way Property to Thunder
16 Properties.

17       33.     Fannie Mae purchased the loan for which 3433 Skyline Boulevard, Reno, Nevada
18 (the "Skyline Boulevard Property") served as collateral on or about May 10, 2006, and the deed of
19 trust for that loan encumbered the Skyline Boulevard Property at the time of the HOA foreclosure
20 sale. The Skyline Boulevard Property, APN 023-421-03, is subject to a declaration of covenants,
21 conditions, and restrictions for Skyline Villas Association, Inc. ("Skyline Villas"). On or about
22 September January 24, 2013, Skyline Villas attached an assessment lien on the Skyline Boulevard
23 Property for delinquent HOA dues. On or about April 25, 2013, H & H, as trustee for Skyline
24 Villas, recorded a notice of default and election to sell under homeowners' association lien. H & H,
25 as trustee for Skyline Villas, recorded a notice of trustee's sale on or about October 10, 2013. The
26 HOA trustee's sale was held on or about November 12, 2013, and H & H, as trustee for Skyline
27 Villas, sold the Skyline Boulevard Property to Thunder Properties for $9,359.01. On or about
28

November 27, 2013, H & H, as trustee for Skyline Villas, recorded a trustee's deed upon sale that transferred the Skyline Boulevard Property to Thunder Properties.

34. Fannie Mae purchased the loan for which 6850 Sharlands Avenue, Unit L-1072, Reno, Nevada (the "Sharlands Avenue Property") served as collateral on or about August 24, 2006, and the deed of trust for that loan encumbered the Sharlands Avenue Property at the time of the HOA foreclosure sale. The Sharlands Avenue Property, APN 212-078-27, is subject to a declaration of covenants, conditions, and restrictions for Silver Creek Condo Association ("Silver Creek CA"). On or about January 12, 2011, H & H, as trustee for Silver Creek CA, recorded a notice of lien on the Sharlands Avenue Property for delinquent HOA dues. H & H, as trustee for Silver Creek CA, filed a notice of default and election to sell under homeowners' association lien on or about July 9, 2012. H & H, as trustee for Silver Creek CA, recorded a notice of trustee's sale on or about October 10, 2013. The HOA trustee's sale was held on or about November 6, 2013, and H & H, as trustee for Silver Creek CA, sold the Sharlands Avenue Property to Thunder Properties for $10,879.13. On or about November 21, 2013, H & H, as trustee for Silver Creek CA, recorded a trustee's deed upon sale that transferred the Sharlands Avenue Property to Thunder Properties.

35. Fannie Mae purchased the loan for which 872 Tanager Street, No. 38, Incline Village, Nevada (the "Tanager Street Property") served as collateral on or about June 1, 2005, and the deed of trust for that loan encumbered the Tanager Street Property at the time of the HOA foreclosure sale. The Tanager Street Property, APN 132-560-21, is subject to a declaration of covenants, conditions, and restrictions for Pinebrook Homeowners' Association ("Pinebrook HOA"). On or about September 23, 2011 and September 26, 2012, Pinebrook HOA attached assessment liens on the Tanager Street Property for delinquent HOA dues. On or about March 4, 2014, H & H, as trustee for Pinebrook HOA, recorded a notice of default and election to sell for the Tanager Street Property. H & H, as trustee for Pinebrook HOA, recorded a notice of trustee's sale on or about June 16, 2014. H & H, as trustee for Pinebrook HOA, recorded a corrected notice of trustee's sale on or about June 16, 2014. The HOA trustee's sale was held on or about July 31, 2014, and H & H, as trustee for Pinebrook HOA, sold the Tanager Street Property to Thunder Properties for $9,777.00. On or about September 4, 2014, H & H, as trustee for Pinebrook HOA,

1  recorded a foreclosure deed upon sale that transferred the Tanager Street Property to Thunder
2  Properties.
3    36.   Freddie Mac purchased the loan for which 9471 Canyon Meadows Drive, Reno,
4  Nevada (the "Canyon Meadows Drive Property") served as collateral on or about September 7,
5  2005, and the deed of trust for that loan encumbered the Canyon Meadows Drive Property at the
6  time of the HOA foreclosure sale.  The Canyon Meadows Drive Property, APN 550-294-11, is
7  subject to a declaration of covenants, conditions, and restrictions for Sky Vista Homeowners'
8  Association ("Sky Vista HOA").  On or about April 18, 2011, Kern & Associates, as attorney for
9  Sky Vista HOA, recorded a notice of lien on the Canyon Meadows Drive Property for delinquent
10 HOA dues.  Kern & Associates, as attorney for Sky Vista HOA, filed a notice of default and
11 election to sell under homeowners' association lien on or about June 27, 2012.  Kern & Associates,
12 as attorney for Sky Vista HOA, recorded a notice of homeowners association sale on or about
13 November 1, 2012.  The HOA foreclosure sale was held on or about April 30, 2013, and Kern &
14 Associates, as attorney for Sky Vista HOA, sold the Canyon Meadows Drive Property to Sky Vista
15 HOA for $400.00.  On or about June 12, 2013, Kern & Associates, as attorney for Sky Vista HOA,
16 recorded a deed in foreclosure of assessment lien that transferred the Canyon Meadows Drive
17 Property to Sky Vista HOA.  On or about June 12, 2013, Sky Vista HOA recorded a quit claim deed
18 that transferred the Canyon Meadows Drive Property to Westland Construction Corporation.  On or
19 about August 26, 2013, Westland Construction Corporation recorded a quitclaim deed that
20 transferred the Canyon Meadows Drive Property to Thunder Properties.
21    37.   Freddie Mac purchased the loan for which 8870 Dixon Lane, Reno, Nevada (the
22 "Dixon Lane Property") served as collateral on or about June 13, 2012, and the deed of trust for that
23 loan encumbered the Dixon Lane Property at the time of the HOA foreclosure sale.  The Dixon
24 Lane Property, APN 043-102-13, is subject to a declaration of covenants, conditions, and
25 restrictions for Meadow Creek Village Townhouse Homeowners' Association ("Meadow Creek
26 Village Townhouse HOA").  On or about July 29, 2014, Alessi & Koenig, as trustee for Meadow
27 Creek Village Townhouse HOA, recorded a notice of lien on the Dixon Lane Property for
28 delinquent HOA dues.  Alessi & Koenig, as trustee for Meadow Creek Village Townhouse HOA,

filed a notice of default and election to sell under homeowners' association lien on or about October 17, 2014.  Alessi & Koenig, as trustee for Meadow Creek Village Townhouse HOA, recorded a notice of trustee's sale on or about April 13, 2015.  The HOA trustee's sale was held on or about May 14, 2015, and Alessi & Keonig, as trustee for Meadow Creek Village Townhouse HOA, sold the Dixon Lane Property to Thunder Properties for $20,500.00.  On or about May 20, 2015, Alessi & Koenig, as trustee for Meadow Creek Village Townhouse HOA, recorded a trustee's deed upon sale that transferred the Dixon Lane Property to Thunder Properties.

38. Fannie Mae purchased the loan for which 7013 Voyage Drive, Sparks, Nevada (the "Voyage Drive Property") served as collateral on or about October 1, 2007, and the deed of trust for that loan encumbered the Voyage Drive Property at the time of the HOA foreclosure sale.  The Voyage Drive Property, APN 526-533-06, is subject to a declaration of covenants, conditions, and restrictions for the Foothills at Wingfield Homeowners' Association ("Foothills at Wingfield HOA").  On or about April 5, 2013, Fuller Jenkins Clarkson (the "Clarkson Law Group"), as attorney for Foothills at Wingfield HOA, recorded a notice of lien on the Voyage Drive Property for delinquent HOA dues.  The Clarkson Law Group, as attorney for Foothills at Wingfield HOA, filed a notice of default and election to sell under homeowners' association lien on or about May 15, 2013.  The Clarkson Law Group, as attorney for Foothills at Wingfield HOA, recorded a notice of trustee/foreclosure sale on or about May 19, 2014.  The HOA trustee's sale was held on or about June 17, 2014, and the Clarkson Law Group, as attorney for Foothills at Wingfoot HOA, sold the Voyage Drive Property to Thunder Properties for $5,800.00.  On or about September 4, 2014, the Clarkson Law Group, as attorney for Foothills at Wingfoot HOA, recorded a trustee's deed upon sale that transferred the Voyage Drive Property to Thunder Properties.

39. On information and belief, Thunder Properties owns additional properties to which it has taken title through or following completed HOA Foreclosure Sales.  On information and belief, some of those properties were encumbered by Enterprise Liens at the time of the HOA Foreclosure Sales.

40. Plaintiffs have been injured by the HOA foreclosure sales of the Properties described herein as a consequence of the purported extinguishment of their liens due to the HOA Foreclosure

Sales described in ¶¶ 26-39, and an order granting the relief sought herein would redress those injuries.  Plaintiffs, therefore, have standing to maintain this action.

### VI.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

#### (Declaratory Relief)

41. Plaintiffs reassert and incorporate herein by reference the allegations contained in ¶¶ 1–40 above, as though fully set forth herein.

42. Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the HOA foreclosure sales and the Properties.

43. The deeds of trust were first secured interests on the Properties and the Plaintiffs, or one of them, held an interest in the Deeds of Trust.

44. FHFA, Conservator of the Enterprises, is an independent agency of the federal government.  *See* 12 U.S.C. § 4511(a).

45. Upon its appointment, the Conservator succeeded by law to all of the Enterprises' "rights, titles, powers, and privileges."  *Id.* § 4617(b)(2)(1)(A)(i).

46. During the conservatorships, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."  *Id.* § 4617(j)(3).

47. Enterprise Liens are property of the Conservator.  *See, e.g.*, *Skylights*, 112 F. Supp. 3d at 1155 ("[T]he property of Fannie Mae effectively becomes the property of FHFA once it assumes the role of conservator, and that property is protected by section 4617(j)'s exemptions."); *Premier One*, 2015 WL 4276169, at *3 ("Fannie Mae has held an interest in the Property since [it purchased the associated mortgage] on December 1, 2006."); *Williston*, 2015 WL 4276144, at *3 ("Freddie Mac has held an interest in the Property since" it purchased the associated mortgage and, therefore, "FHFA held an interest in the Deed of Trust as conservator for Freddie Mac").

48. Applying Chapter 116 of the Nevada Revised Statutes or other state law in a manner that would have extinguished Fannie Mae's and/or Freddie Mac's first position deeds of trust violates 12 U.S.C. § 4617(j)(3).

49. FHFA did not consent to any purported extinguishment of Fannie Mae's or Freddie Mac's deeds of trust that encumbered the Properties. FHFA's Statement on HOA Super-Priority Lien Foreclosures dated Apr. 21, 2015, www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx.

50. Pursuant to 12 U.S.C. § 4617(j)(3), the HOA foreclosure sales could not extinguish Fannie Mae's and/or Freddie Mac's first secured interests. Plaintiffs are entitled to a declaration that 12 U.S.C. § 4617(j)(3) preempts any state law that would permit an HOA foreclosure sale to extinguish a first secured interest of Fannie Mae or Freddie Mac while they are under FHFA's conservatorships.

51. Plaintiffs are entitled to a declaration that the HOA foreclosure sales discussed herein did not affect or extinguish Fannie Mae's and/or Freddie Mac's deeds of trust.

52. Plaintiffs have been compelled to retain the undersigned counsel to represent them in this matter and have and will continue to incur attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(Quiet Title)**

53. Plaintiffs reassert and incorporate herein by reference the allegations contained in ¶¶ 1–52 above, as though fully set forth herein.

54. Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court is empowered to declare the rights and legal relations of the parties in this action, both generally and in relation to the HOA foreclosure sales and the Properties.

55. Thunder Properties claims interests in the Properties through the HOA foreclosure sales and trustee's and/or foreclosure deeds that are adverse to Plaintiffs' interests in the Properties.

56. Plaintiffs' interests in the deeds of trust that encumbered the Properties constitute interests in real property.

15

57. The Enterprises' secured interests in the Properties are property of the Conservator, and applying Nev. Rev. Stat. 116.3116 *et seq.* or other state law in a manner that extinguishes Fannie Mae's and/or Freddie Mac's first-position deeds of trust would violate 12 U.S.C. § 4617(j)(3).

58. Based on the adverse claims being asserted by the parties, Plaintiffs are entitled to a judicial determination that Fannie Mae's and Freddie Mac's deeds of trust continue to encumber the Properties after the HOA foreclosure sales.

59. Plaintiffs are entitled to a determination that the HOA foreclosure sales (and any subsequent transfers) did not convey the Properties free and clear to Thunder Properties, and thus any interests acquired by Thunder Properties through the trustee's deeds, foreclosure deeds, and/or quitclaim deeds are subject to Fannie Mae's and Freddie Mac's interests in the Properties.

60. Plaintiffs have been compelled to retain the undersigned counsel to represent them in this matter and have and will continue to incur attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**NOW, THEREFORE**, Plaintiffs request a judgment in their favor against Defendant Thunder Properties as follows:

1. A declaration that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit an HOA Foreclosure Sale of a super-priority lien to extinguish the property interests of Fannie Mae and Freddie Mac while they are under FHFA conservatorships;

2. A declaration that the HOA Foreclosure Sales did not extinguish Fannie Mae and/or Freddie Mac's deeds of trust and that they continue as valid encumbrances against the Properties;

3. For a declaration that Thunder Properties' interests in the Properties, if any, are subject to the Enterprises' interests;

4. That Plaintiffs be awarded attorneys' fees and costs, plus interest accruing thereon, in their favor at the maximum rate allowed by law; and

5. That the Court award such other and further relief as it may deem appropriate.

DATED this 2nd day of August, 2016.

                                              Respectfully submitted,

/s/ John H. Maddock III, Esq.
John H. Maddock III, Esq.*
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
jmaddock@mcguirewoods.com
*Attorneys for Plaintiff Federal Home Loan Mortgage Corporation*

* *Pro Hac Vice to be submitted*

/s/ Leslie Bryan Hart, Esq.
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, NV 89501
Tel: (775) 788-2228
lhart@fclaw.com, jtennert@fclaw.com
*Attorneys for Plaintiffs Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation*

/s/ Amy F. Sorenson, Esq.
Amy F. Sorenson, Esq. (SBN 12495)
Erica J. Stutman, Esq. (SBN 10794)
Robin E. Perkins, Esq. (SBN 9891)
Kelly H. Dove, Esq. (SBN 10569)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Tel: (702) 784-5200
asorenson@swlaw.com, estutman@swlaw.com, rperkins@swlaw.com, kdove@swlaw.com
*Attorneys for Plaintiff Federal National Mortgage Association*