# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FEDERAL HOUSING FINANCE AGENCY et al.,

Plaintiffs,

vs.

THUNDER PROPERTIES, INC.,

Defendant.

3:16-cv-00461-RCJ-WGC

**ORDER**

This case arises out of several homeowners' association foreclosure sales. Pending before the Court is a motion for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

The Federal Housing Finance Agency ("FHFA"), the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac") and five lending institutions have sued Thunder Properties, Inc. ("Thunder") to quiet title to thirteen properties in Reno and Sparks, Nevada ("the Properties") for which Thunder is the current record owner. Specifically, Plaintiffs seek a declaration that under the Supremacy Clause and 12 U.S.C. § 4617(j)(3), first deeds of trust against the Properties were not extinguished under state law by homeowners' association foreclosure sales because Fannie Mae or Freddie Mac held

the respective loans and first deeds of trust at the time of foreclosure. Plaintiffs have moved for offensive summary judgment.

## II. LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the

opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

///

///

## III. ANALYSIS

This Court and others in the District have ruled that 12 U.S.C. § 4617(j)(3) prevents the sale of any property in which the FHFA (as conservator of Fannie Mae or Freddie Mac) has an interest without the FHFA's consent. *See My Global Vill., LLC v. Fed. Nat'l Mortg. Ass'n*, No. 2:15-cv-00211, 2015 WL 4523501, at *4 (D. Nev. July 27, 2015) (Jones, J.) (citing *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1151–59 (D. Nev. 2015) (Navarro, C.J.)). The *Skylights* case has been cited dozens of times by other judges of this District and only in approval. The Court considers this point of law settled unless and until the Court of Appeals rules otherwise. The dispositive question under § 4617(j)(3) is whether Fannie Mae or Freddie Mac (or the FHFA as conservator) held any interest in the Properties on the respective dates of foreclosure.

Also, although § 4617(j)(3) is the only issue specifically addressed in the Complaint, Plaintiffs have broadly asked for a declaration that the deeds of trust survived the respective foreclosure sales, and they argue via the present motion that the deeds of trust cannot have been extinguished under *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) (ruling that Chapter 116's opt-in notice scheme is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment). The Court is bound by *Bourne Valley* and must therefore grant summary judgment to Plaintiffs on that basis as to any of the Properties for which Thunder cannot show a factual dispute as to whether a constitutionally reasonable attempt at notice of the foreclosure sale was made. The Court will address § 4617(j)(3) as to each property, as well.

### A. The Ringneck Way Property

Lender CTX Mortgage Co., LLC ("CTX") held the promissory note and attendant deed of trust as to the Ringneck Way Property from July 14, 2006 until it transferred them to

JPMorgan Chase Bank, N.A. ("Chase") on January 16, 2012. (Deed of Trust, ECF No. 22-1, at 2; Assignment, ECF No. 22-1, at 23). Thunder bought the Ringneck Way Property at the foreclosure auction on August 7, 2013. (Foreclosure Deed, ECF No. 22-1, at 26). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Ringneck Way Property on the date of foreclosure (or ever). Nor are Plaintiffs entitled to summary judgment under *Bourne Valley*, because they have not provided evidence that they hold any interest in the Ringneck Way Property that was adversely affected by the foreclosure.

**B.     The Meeks Bay Court Property**

Lender Home Loan Center, Inc. ("HLC") held the promissory note and attendant deed of trust as to the Meeks Bay Court Property from January 24, 2007 until it transferred them to BAC Home Loans Servicing, LP ("BAC") on October 2, 2009. (Deed of Trust, ECF No. 22-2, at 2; Assignment, ECF No. 22-2, at 19). LVDG LLC Series 105 bought the Meeks Bay Court Property at the foreclosure auction on April 4, 2013. (Trustee's Deed Upon Sale, ECF No. 22-2, at 21). BAC assigned the promissory note and attendant deed of trust to Fannie Mae on April 16, 2015. (Assignment, ECF No. 22-2, at 24). LVDG LLC Series 105 granted the Meeks Bay Court Property to Thunder on July 21, 2015. (Deed, ECF No. 22-2, at 27). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Meeks Bay Court Property on the date of foreclosure, but only afterward. Plaintiffs are, however, entitled to summary judgment under *Bourne Valley*, as Thunder has failed to provide evidence of any

attempt at notice of the foreclosure sale having been given to BAC apart from publication, which is constitutionally insufficient. *See Mennonite Bd. of Missions*, 462 U.S. at 798.

### C. The Mount Logan Street Property

Lender Sierra Pacific Mortgage Co., Inc. ("Sierra Pacific") held the promissory note and attendant deed of trust as to the Mount Logan Street Property from June 16, 2005 until it transferred them to BAC on May 17, 2011. (Deed of Trust, ECF No. 22-3, at 2; Assignment, ECF No. 22-3, at 21). Thunder bought the Mount Logan Street Property at the foreclosure auction on August 7, 2014. (Deed in Foreclosure of Assessment Lien, ECF No. 22-3, at 24). BAC assigned the promissory note and attendant deed of trust to Fannie Mae on April 15, 2015. (Assignment, ECF No. 22-3, at 27). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Mount Logan Street Property on the date of foreclosure, but only afterward. Plaintiffs are, however, entitled to summary judgment under *Bourne Valley*, as Thunder has failed to provide evidence of any attempt at notice of the foreclosure sale having been given to BAC apart from publication, which is constitutionally insufficient. *See Mennonite Bd. of Missions*, 462 U.S. at 798.

### D. The Mount Whitney Street Property

Lender Bank of America, N.A. ("BOA") obtained the promissory note and attendant deed of trust as to the Mount Whitney Street Property on June 8, 2007. (Deed of Trust, ECF No. 22-4, at 2). Thunder bought the Mount Whitney Street Property at the foreclosure auction on August 7, 2014. (Deed in Foreclosure of Assessment Lien, ECF No. 22-4, at 19). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict

under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Mount Whitney Street Property on the date of foreclosure (or ever). Nor are Plaintiffs entitled to summary judgment under *Bourne Valley*, because they have not provided evidence that they hold any interest in the Mount Whitney Street Property that was adversely affected by the foreclosure.

### E. The York Way Property

Lender Sierra Pacific held the promissory note and attendant deed of trust as to the York Way Property from March 4, 2004 until it transferred them to BOA on December 3, 2012. (Deed of Trust, ECF No. 22-4, at 22; Assignment, ECF No. 22-5, at 2). BOA further assigned the instruments to Nationstar Mortgage, LLC ("Nationstar") on May 15, 2013. (Assignment, ECF No. 22-5, at 7). Thunder bought the York Way Property at the foreclosure auction on January 22, 2014. (Deed in Foreclosure of Assessment Lien, ECF No. 22-5, at 10). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the York Way Property on the date of foreclosure (or ever). Nor are Plaintiffs entitled to summary judgment under *Bourne Valley*, because they have not provided evidence that they hold any interest in the York Way Property that was adversely affected by the foreclosure.

### F. The Dickerson Road Property

Lender BOA held the promissory note and attendant deed of trust as to the Dickerson Road Property from May 18, 2009 until it transferred them to Green Tree Servicing, LLC ("Green Tree") on November 8, 2012. (Deed of Trust, ECF No. 22-5, at 14; Assignment, ECF No. 22-6, at 2). Thunder bought the Dickerson Road Property at the foreclosure auction on

September 18, 2014. (Trustee's Deed Upon Sale, ECF No. 22-6, at 6). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the York Way Property on the date of foreclosure (or ever). Nor are Plaintiffs entitled to summary judgment under *Bourne Valley*, because they have not provided evidence that they hold any interest in the Dickerson Road Property that was adversely affected by the foreclosure.

**G. The Sharlands Avenue Property**

Lender Elegen Home Lending, LP ("Elegen") held the promissory note and attendant deed of trust as to the Sharlands Avenue Property from July 13, 2006 until it transferred them to National City Mortgage Co. ("National City") on January 9, 2007. (Deed of Trust, ECF No. 22-6, at 10; Assignment, ECF No. 22-6, at 31). National City further assigned the instruments to Green Tree on March 1, 2010. (Assignment, ECF No. 22-6, at 33). Thunder bought the Sharlands Avenue Property at the foreclosure auction on November 6, 2013. (Trustee's Deed Upon Sale, ECF No. 22-6, at 36). Green Tree further assigned the instruments to Fannie Mae on October 27, 2014. (Assignment, ECF No. 22-6, at 40). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Sharlands Avenue Property on the date of foreclosure, but only afterward. Plaintiffs are, however, entitled to summary judgment under *Bourne Valley*, as Thunder has failed to provide evidence of any attempt at notice of the foreclosure sale having been given to Green Tree apart from publication, which is constitutionally insufficient. *See Mennonite Bd. of Missions*, 462 U.S. at 798.

### H. The Tanager Street Property

Lender First Magnus Financial Corp. ("First Magnus") held the promissory note and attendant deed of trust as to the Tanager Street Property from February 10, 2005 until Mortgage Electronic Registration Systems, Inc. ("MERS") transferred them to BAC on March 8, 2010 and then to BOA on December 10, 2012. (Deed of Trust, ECF No. 22-7, at 2; Assignment, ECF No. 22-7, at 26; Assignment, ECF No. 22-7, at 28). Thunder bought the Tanager Street Property at the foreclosure auction on July 31, 2014. (Foreclosure Deed Upon Sale, ECF No. 22-8, at 2). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Tanager Street Property on the date of foreclosure (or ever). Nor are Plaintiffs entitled to summary judgment under *Bourne Valley*, because they have not provided evidence that they hold any interest in the Tanager Street Property that was adversely affected by the foreclosure.

### I. The Canyon Meadows Drive Property

Lender Soma Financial ("Soma") held the promissory note and attendant deed of trust as to the Canyon Meadows Drive Property from July 25, 2005 until it transferred them to BAC on September 10, 2009. (Deed of Trust, ECF No. 22-8, at 6; Assignment, ECF No. 22-8, at 26). Sky Vista Homeowners Association ("Sky Vista") bought the Canyon Meadows Drive Property at the foreclosure auction on April 30, 2013. (Deed in Foreclosure of Assessment Lien, ECF No. 22-8, at 29). Sky Vista quitclaimed the Canyon Meadows Drive Property to Westland Construction Corp. on June 4, 2013, who then quitclaimed it to Thunder on August 12, 2013. (Quitclaim Deed, ECF No. 22-8, at 32; Quitclaim Deed, ECF No. 22-9, at 2). BOA (as successor by merger to BAC) later transferred its interest in the promissory note and deed of trust to

Nationstar on March 28, 2014. (Assignment, ECF No. 22-9, at 4). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Canyon Meadows Drive Property on the date of foreclosure (or ever). Nor are Plaintiffs entitled to summary judgment under *Bourne Valley*, because they have not provided evidence that they hold any interest in the Canyon Meadows Drive Property that was adversely affected by the foreclosure.

**J.     The Dixon Lane Property**

Lender Chase held the promissory note and attendant deed of trust as to the Dixon Lane Property from April 23, 2012 until it transferred them to Bayview Loan Servicing, LLC ("Bayview") on September 10, 2014. (Deed of Trust, ECF No. 22-9, at 9; Assignment, ECF No. 22-9, at 32). Thunder bought the Dixon Lane Property at the foreclosure auction on May 14, 2015. (Trustee's Deed Upon Sale, ECF No. 22-9, at 36). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Dixon Lane Property on the date of foreclosure (or ever). Nor are Plaintiffs entitled to summary judgment under *Bourne Valley*, because they have not provided evidence that they hold any interest in the Dixon Lane Property that was adversely affected by the foreclosure.

**K.     The Voyage Drive Property**

Lender Suntrust Mortgage, Inc. ("Suntrust") held the promissory note and attendant deed of trust as to the Voyage Drive Property from August 28, 2007 until it transferred them to Fannie Mae on October 28, 2013. (Deed of Trust, ECF No. 22-10, at 3; Assignment, ECF No. 22-10, at

26). Thunder bought the Voyage Drive Property at the foreclosure auction on June 17, 2014. (Trustee's Deed Upon Sale, ECF No. 22-10, at 29). Plaintiffs have satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced evidence that Fannie Mae held the note and deed of trust as to the Voyage Drive Property on the date of foreclosure. Thunder has adduced no contrary evidence in response. Accordingly, Plaintiffs are entitled to summary judgment on their quiet title claim as to the Voyage Drive Property, i.e., to a declaration that the deed of trust against the property was not extinguished by the June 17, 2014 homeowner's association foreclosure. Plaintiffs are also entitled to summary judgment under *Bourne Valley*, as Thunder has failed to provide evidence of any attempt at notice of the foreclosure sale having been given to Fannie Mae apart from publication, which is constitutionally insufficient. *See Mennonite Bd. of Missions*, 462 U.S. at 798.

**L.    The Idlewild Drive Property**

Lender Home Savings of America ("HSA") held the promissory note and attendant deed of trust as to the Idlewild Drive Property from September 10, 2008 until it transferred them to BOA on May 31, 2012. (Deed of Trust, ECF No. 22-10, at 33; Assignment, ECF No. 22-11, at 2). BOA further assigned the instruments to Green Tree on October 20, 2014. (Assignment, ECF No. 22-11, at 5). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Idlewild Drive Property on the date of foreclosure (or ever), or even that any homeowner's association foreclosure ever occurred as to the Idlewild Drive Property. Nor are Plaintiffs entitled to summary judgment under *Bourne Valley*, because they have not provided

evidence that they hold any interest in the Idlewild Drive Property that was adversely affected by the foreclosure.

### M.     The Desert Peach Drive Property

Lender CTX obtained the promissory note and attendant deed of trust as to the Desert Peach Drive Property on May 27, 2008. (Deed of Trust, ECF No. 22-11, at 9). Thunder bought the Desert Peach Drive Property at the foreclosure auction on August 13, 2013. (Trustee's Deed Upon Sale, ECF No. 22-11, at 31). CTX later assigned the instruments to Fannie Mae on October 27, 2016. (Assignment, ECF No. 22-11, at 35). Plaintiffs have not satisfied their initial burden to produce evidence that would entitle them to a directed verdict under § 4617(j)(3) if uncontroverted at trial because they have adduced no evidence of Fannie Mae or Freddie Mac (or the FHFA as conservator) having held any interest in the Deseret Peach Drive Property on the date of foreclosure, but only afterward. Plaintiffs are, however, entitled to summary judgment under *Bourne Valley*, as Thunder has failed to provide evidence of any attempt at notice of the foreclosure sale having been given to CTX apart from publication, which is constitutionally insufficient. *See Mennonite Bd. of Missions*, 462 U.S. at 798.

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 22) is GRANTED IN PART and DENIED IN PART. Summary judgment is granted in favor of Plaintiffs under 12 U.S.C. § 4617(j)(3) as to the Voyage Drive Property and under the Due Process Clause of the Fourteenth Amendment as to the Meeks Bay Court, Mount Logan Street, Sharlands Avenue, Voyage Drive, and Desert Peach Drive Properties.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge