# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY et al.,<br><br>            Plaintiffs,<br><br>vs.<br><br>THUNDER PROPERTIES, INC.,<br><br>            Defendant. | 3:16-cv-00461-RCJ-WGC<br><br>**ORDER** |

This case arises out of several homeowners' association foreclosure sales. Pending before the Court are two motions to reconsider.

## I.    FACTS AND PROCEDURAL HISTORY

The Federal Housing Finance Agency ("FHFA"), the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac") and five lending institutions have sued Thunder Properties, Inc. ("Thunder") to quiet title to thirteen properties in Reno and Sparks, Nevada ("the Properties"). Plaintiffs seek a declaration that the respective first deeds of trust against the Properties were not extinguished by the foreclosure sales. Plaintiffs moved for offensive summary judgment. The Court granted the motion as to five Properties under the Due Process Clause and one Property under the Supremacy Clause but denied the motion as to eight Properties. The parties have asked the Court to reconsider in part.

## II.     DISCUSSION

Thunder argues that the Court should not have ruled before Thunder filed its response. The Court ruled on the motion after the response was due under both the local rules and an annotation in the electronic docket.  However, Thunder appears to be correct that the Magistrate Judge had indicated in a previous minute order that there would be additional time to respond. The Court did not previously notice that minute order and will therefore now consider Thunder's evidence attached to its present motion as against the motion for summary judgment.

### A.     *Bourne Valley*

None of Thunder's evidence creates any genuine issue of material fact such that Thunder can satisfy its shifted burden on the due process issue.  No evidence of reasonable notice is adduced as to any of the Properties.  Trustee's deed recitals to the effect that all notices required by law had been given are no evidence of constitutionally reasonable notice to deed of trust holders, because state law did not require notice to deed of trust holders unless they opted in, *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159 & n.4 (9th Cir. 2016), and no evidence is adduced of the relevant deed of trust holders having opted in.

In their own motion to reconsider, Plaintiffs argue that the Court should have ruled that *Bourne Valley* entitled them to summary judgment as to all thirteen Properties, not only as to five of the Properties, because although Fannie Mae and Freddie Mac may not have been shown to have any current interest in the remaining eight Properties, at least one Plaintiff has a current interest in each of them.  The Court agrees, and it therefore reconsiders and grants offensive summary judgment to Plaintiffs under *Bourne Valley* as to the remaining Properties: Mount Whitney Street (Bank of America, N.A.), York Way (Nationstar Mortgage LLC), Tanager Street (Bank of America, N.A.), Ringneck Way (JPMorgan Chase Bank, N.A.), Canyon Meadows Drive (Nationstar Mortgage LLC), Dickerson Road (Ditech Financial LLC, formerly known as

Green Tree Servicing LLC), and Dixon Lane (Bayview Loan Servicing, LLC). Plaintiffs admit neglecting to previously adduce a copy of the Trustee's Deed as to the Idlewild Drive Property (Ditech Financial LLC, formerly known as Green Tree Servicing LLC) but ask the Court to reconsider, noting that Defendant does not dispute the fact of the HOA sale. Indeed, Defendant has admitted Plaintiffs' allegation of the foreclosure sale as to the Idlewild Drive Property. (*Compare* Answer ¶ 43, ECF No. 30, *with* Second Am. Compl. ¶ 43, ECF No. 19). The Court therefore reconsiders the *Bourne Valley* issue as to the Idlewild Drive Property, as well.

**B.      The Supremacy Clause and Section 4617(j)(3)**

Thunder also argues that the Court should not have ruled on the Supremacy Clause– § 4617(j)(3) issue, because although raised in the Complaint, Plaintiffs did not specifically raise that issue in the motion. The Court will reconsider and will not rule on the issue unless reversed on the due process issue.

///
///
///
///
///
///
///
///
///
///
///
///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 33) is GRANTED IN PART and DENIED IN PART. The previous order (ECF No. 32) is VACATED IN PART as to the Supremacy Clause–§ 4617(j)(3) issue. The motion is otherwise denied.

IT IS FURTHER ORDERED that the Motion to Reconsider (ECF No. 36) is GRANTED. Plaintiffs are entitled to offensive summary judgment on all Properties under the Due Process Clause of the Fourteenth Amendment.

IT IS FURTHER ORDERED that within fourteen (14) days, Plaintiffs shall submit a proposed form of judgment consistent with this order.

IT IS SO ORDERED.

Dated June 14, 2017

_____
ROBERT C. JONES
United States District Judge