# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FEDERAL HOUSING FINANCE
AGENCY, et al.,

        Plaintiffs,

vs.

THUNDER PROPERTIES, INC.,

        Defendant.

Case No. 3:16-CV-00461-RCJ-WGC

**ORDER**

Plaintiffs seek summary judgment granting quiet title and declaratory relief from thirteen Nevada homeowners' association (HOA) foreclosure sales that purportedly extinguished their deeds of trust. Defendant opposes summary judgment on the grounds that some claims are untimely and that it needs more discovery. The Court disagrees with Defendant and grants the motion for summary judgment.

## FACTUAL BACKGROUND

At issue are thirteen properties, each sold by an HOA through a non-judicial foreclosure sale under NRS 116.3116(2) and purchased by Defendant Thunder Properties, Inc. Plaintiff Federal Housing Finance Agency (FHFA) alleges that, at the time of the sales, each of the properties was owned by one of two entities under its conservatorship—the Federal National

Mortgage Association (Fannie Mae) or the Federal Home Loan Mortgage Corporation (Freddie Mac), collectively referred to as "Enterprises." The relevant properties are as follows:

- 1013 Ringneck Way; APN: 530-342-05
- 10527 Meeks Bay Court; APN: 160-684-10
- 13131 Mount Logan Street; APN: 086-754-14
- 13483 Mount Whitney Street; APN: 086-748-07
- 1691 York Way; APN: 027-490-02
- 2300 Dickerson Road, Unit 13; APN: 006-300-06
- 6450 Sharlands Avenue, Unit L-1072; APN: 212-078-27
- 872 Tanager Street, Unit 38; APN: 132-560-21
- 1845 Idlewild Drive, Unit 110; APN: 010-536-04
- 9471 Canyon Meadows Drive; APN: 550-294-11
- 8870 Dixon Lane; APN: 043-102-13
- 5432 Desert Peach; APN: 516-144-12
- 7013 Voyage Drive; APN: 526-533-06

Plaintiffs filed an initial complaint seeking declaratory relief and quiet title on the properties and amended to omit one but add another. This Court granted summary judgment based on *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), which held that the Nevada statutes governing these foreclosures were facially unconstitutional. The Ninth Circuit overturned *Bourne Valley* and remanded this case for further proceedings. (ECF No. 51.) Following remand, the Court issued a scheduling order allowing for further discovery but noting that Plaintiffs anticipated discovery in this case to be unnecessary. (ECF No. 57.) Six weeks later, Plaintiffs filed this Motion for Summary Judgment (ECF No. 62). In support of their motion, Plaintiffs include as exhibits: data derived from the Fannie Mae database SIR with an attached affidavit,[1] data derived from the Freddie Mac MIDAS database with an attached affidavit, the Fannie Mae Selling Guide, the Fannie Mae Servicing Guide, and the Freddie Mac Guide.[2]

---

[1] Fannie Mae began using the SIR database in January 2009, therefore all entries for applicable properties begin on that date unless otherwise noted. Fannie Mae has not provided any business records dated prior to January 1, 2009.

[2] Unless otherwise noted, all references to the Guides refer to the edition applicable at the time of the relevant HOA sale.

**LEGAL STANDARD**

A court should grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only facts that affect the outcome are material. *Id.*

If the party seeking summary judgment would bear the burden of proof at trial, that burden may be satisfied by presenting evidence that proves every element of the claim such that no reasonable juror could find otherwise assuming the evidence went uncontroverted. *Id.* at 252. A court should deny summary judgment if either the moving party fails to meet its initial burden or, if after it meets that burden, the other party establishes a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

**ANALYSIS**

Plaintiffs argue there are no genuinely disputed material facts that would preclude the Court from granting summary judgment in their favor. They contend the proffered records show ownership of the properties and federal law precluded Defendant's foreclosure. Defendant counters that the appropriate statute of limitations precludes summary judgment for Plaintiffs on three properties and that summary judgment for the remaining properties is premature as discovery had not concluded before Plaintiffs filed this motion. The Court agrees with Plaintiffs.

*1. Timeliness*

Defendant first argues that summary judgment is inappropriate for three of the disputed properties because these claims are untimely. All parties agree that 12 U.S.C. § 4617(b)(12)(A) supplies the appropriate legal framework. Section 4617(b)(12)(A) provides that:

> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Agency as conservator or receiver shall be--
>   i. in the case of any contract claim, the longer of--
>     I. the 6-year period beginning on the date on which the claim accrues; or
>     II. the period applicable under State law; and
>   ii. in the case of any tort claim, the longer of--
>     I. the 3-year period beginning on the date on which the claim accrues; or
>     II. the period applicable under State law.

The main issue with categorizing Plaintiffs' claims is that a quiet-title claim is neither a contract nor a tort claim—instead, it is an equitable claim. However, in its inclusion of the phrase "with regard to *any action*," (emphasis added), Congress made clear that the statute of limitations clause is intended to be comprehensive. *See FHFA v. UBS Americas Inc.*, 712 F.3d 136, 143–44 (2d Cir. 2013); c*f. Nat'l Credit Union Admin. Bd. v. RBS Sec. Inc.*, 833 F.3d 1125, 1131 (9th Cir. 2016) (inclusion of "any action" language in 12 U.S.C. § 1787(b)(14) demonstrated Congress' intent to make statute comprehensive). Consequently, Defendant's statute of limitations defense will only succeed if it is able to demonstrate that the tort prong is the more appropriate of the two and that no applicable state statute provides for a statute of limitations longer than three years.

Defendant argues that NRS 11.190(3)(a), which provides a three-year statute of limitation for liabilities created by statute, is the applicable provision as Plaintiffs' claims are premised upon federal statute. The Court finds Defendant's argument to be unpersuasive. A liability is defined as "[t]he quality or state of being legally obligated or accountable" or "legal responsibility to another or to society, enforceable by civil remedy or criminal punishment." Black's Law Dictionary (9th ed. 2009). The Federal Foreclosure Bar, upon which Plaintiffs premise their claim, holds that "[n]o property of the Agency shall be subject to . . . foreclosure . . . without the consent of the Agency . . . ." 12 U.S.C. § 4617(j)(3). Such language invalidates foreclosure without consent, it does not create independent liability.

Defendant also raised state statutes, NRS 116.3116 et seq., as creating the alleged liability for this action for the first time at oral argument; however, even if Defendant did not waive this argument, it is flawed. These statutes provide that HOAs may conduct non-judicial foreclosures under certain circumstances. But Plaintiffs' cause of action is not based on Defendant's failure to comply with these state statutes—rather, Plaintiffs' claim for quiet title is based on the Nevada Supreme Court's "inherent equitable powers to resolve the competing claims to such title." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1111 (Nev. 2016). Accordingly, NRS 11.090(3)(a) is inapposite, because liability is not based on statute. Indeed, courts have routinely declined to use this statute of limitations for quiet-title claims. *See, e.g.*, *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016); *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1110–11 (D. Nev. 2019); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 232 (Nev. 2017).[3]

There are two other statutes of limitations provided for under Nevada law that Plaintiffs argue are applicable. One is a five-year statute of limitations for quiet-title actions; however, these statutes only apply to cases where the plaintiff "seized or possessed of the premises," NRS 11.070, 11.080. Although a lien provides a legal interest in property, "[t]ypically, the creditor does not take possession of the property on which the lien has been obtained." *Lien*, Black's Law Dictionary (9th ed. 2009). Therefore, NRS 11.070 and 11.080 do not apply in cases where, as here, parties seek quiet title for a lien interest. *See, e.g.*, *Bank of New York Mellon v. Ruddell*, 380 F. Supp. 3d 1096, 1100 (D. Nev. 2019); *cf. Saticoy Bay*, 388 P.3d at 232 (applying NRS 11.080 in a case of

---

[3] Defendant is also incorrect in its statement that "[a]t the very least, questions of fact exist regarding the timeliness of the Plaintiff's claims." (ECF No. 67 at 10:23–25.) In foreclosure cases, the cause of action, which begins the running of the statute of limitations, accrues at the time of the foreclosure sale. *See Nationstar Mort., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-CV-01287-RCJ-NJK, 2017 WL 2587926 (D. Nev. June 14, 2017). The dates on which the foreclosure sales occurred are not in controversy, therefore the only remaining determination is which statute of limitations applies—a purely legal question that may be decided at summary judgment.

dueling HOA claims of possession following separate foreclosure sales). *But see U.S. Bank Home Mortg. v. Jensen*, No. 3:17-CV-00603-MMD-VPC, 2018 WL 3078753, at *4 (D. Nev. June 20, 2018) (applying the five-year statute of limitations of NRS 11.070, 11.080 where neither party raised NRS 11.220).

Consequently, the only remaining alternative is the catch-all statute allowing plaintiffs to bring claims not otherwise covered by a statute of limitations within four years. NRS 11.220. This District has twice found this statute applicable in quiet-title actions seeking the courts to declare that a lien interest exists on a disputed property. *Bank of New York Mellon*, 380 F. Supp. 3d at 1100; *Fed. Hous. Fin. Agency*, 369 F. Supp. 3d at 1111. The Court agrees with these two sound opinions and holds that the four-year statute of limitations is the applicable one under Nevada law.

In sum, the Nevada four-year statute of limitations applies, and the parties agree that the claims have accrued for less than four years. Thus, the Court finds these claims timely.

*2. Merits*

Plaintiffs correctly contend that the foreclosures could not have extinguished their liens because federal law preempts the Nevada statutes. Both the Ninth Circuit and the Nevada Supreme Court have held as such unless the federal agencies provide consent. *Berezovsky v. Moniz*, 869 F.3d 923, 929–31 (9th Cir. 2017); *Saticoy Bay*, 417 P.3d at 367 n.2. Defendant wisely does not dispute these holdings nor lack of consent; rather, Defendant only challenges Plaintiffs' ownership of liens over these properties.

To prove ownership and lack of consent, Plaintiffs seek judicial notice, under Federal Rule of Evidence 201, for two categories of documents: (1) the publicly available records of the county recorders' offices and (2) FHFA's Statement regarding its policy not to consent to the extinguishment of an Enterprise's property interest.[4] Other courts have found such evidence proper

---

[4] A court may take judicial notice of "a fact that is not subject to reasonable dispute because it is generally

for judicial notice. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (taking judicial notice of public records); *Fannie Mae v. KK Real Estate Inv. Fund, LLC*, No. 2:17-cv-1289-JCM-CWH, 2018 WL 525297, at *2 n.3 (D. Nev. Jan. 23, 2018) (taking judicial notice of FHFA's statement in related case). Based on this precedent and the lack of dispute by Defendant, the Court agrees that judicial notice is appropriate for these documents.

Additionally, Plaintiffs rely on printouts from their databases and claim that the hearsay exception to business records permits such reliance. To support this exception, Plaintiffs have attached an affidavit satisfying the requirements of Federal Rule of Evidence 803(6). (ECF No. 62 Ex. 14.) Defendant attacks the accuracy of these records by pointing to the fact that Plaintiffs amended their complaint to withdraw a property from this case, which Defendant claims demonstrates that the general presumption of reliability for business records underlying the exception does not apply. However, Defendant's assertion does not evince that Plaintiffs' records are inaccurate—Plaintiffs could have dropped the property from this case for any number of reasons. Indeed, Plaintiff Nationstar Mortgage, LLC is pursuing a quiet-title claim over this property in another action in this District on the basis of lack of notice. First Am. Compl., *Nationstar Mortgage, LLC v. Thunder Properties, Inc.*, 2:17-cv-00713-JAD-NJK (D. Nev. Aug. 7, 2019) (ECF No. 37). Thus, Defendant's contention does not amount to anything more than speculation, and the Court considers these records for the purposes of this motion.

Defendant next contends that ownership of the properties is unclear as only one of the contested properties has an Enterprise as the recorded deed of trust beneficiary. The Ninth Circuit and the Nevada Supreme Court have both rejected this argument. *Berezovsky*, 869 F.3d at 932 ("Although the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property

---

known within the trial court's territorial jurisdiction" or is readily available from sources whose accuracy is not disputed. Fed. R. Evid. 201(b). Further, a court may take judicial notice *sua sponte* or where a party requests it and supplies necessary supporting information. Fed. R. Evid. 201(c).

interest is valid and enforceable under Nevada law."); *In re Montierth*, 354 P.3d 648, 651 (Nev. 2015). Thus, Defendant is incorrect.

For eleven of the thirteen properties at issue, the Record Deeds of Trust list a servicer. But this does not negate ownership so long as there is an agency relationship between the Enterprises and the servicers. *In re Montierth*, 354 P.3d at 650–51. The Guides show such an agency relationship exists. *See, e.g.*, Freddie Mac Guide (Dec. 18, 2012 ed.) at 6.6 ("For each Mortgage purchased by Freddie Mac, the Seller and the Servicer agree that Freddie Mac may, at any time and without limitation, require the Seller or the Servicer . . . to make such endorsements to and assignments and recordations of any of the Mortgage documents so as to reflect the interests of Freddie Mac and/or its successors and assigns."). Again, the Ninth Circuit and the Nevada Supreme Court have found this evidence sufficient to entitle the Enterprises to summary judgment on this issue. *Berezovsky*, 869 F.3d 923, 933; *Daisy Trust v. Wells Fargo Bank, NA*, 445 P.3d 846, 849–50 (Nev. 2019).

Finally, the Court performed the unenviable task of sifting through hundreds of pages of exhibits. (ECF No. 62 Exs. 1–13 (Deeds of Trust), Exs. 14–15 (business records). In so doing, the Court confirms that these exhibits indeed show that there were outstanding deeds of trust over all of these properties at the time of the foreclosure sales and that Plaintiffs own these deeds of trust. Accordingly, Plaintiffs have satisfied their burden for summary judgment, and the Court will consider Defendant's motion for further discovery.

### 3. *Defendant's Request for Rule 56(d) Relief*

To avert summary judgment, Defendant largely does not dispute the merits of the motion; instead, Defendant asks for more time to seek discovery under Rule 56(d). This rule affords litigants "a device . . . to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th

Cir. 2002). A movant must demonstrate that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). If a litigant proves these elements, then a court should consider (1) whether "the movant diligently pursued its *previous* discovery opportunities" and (2) whether "the movant can show how allowing *additional* discovery would have precluded summary judgment." *Qualls By & Through Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

Assuming, arguendo, that Defendant has satisfied the necessary elements showing that the relief is available, both factors cut against granting Defendant's request. First, Defendant has not diligently pursued discovery. Defendant had several months in which it could have conducted discovery but did not. Before the remand, there were over two months between the scheduling order (ECF No. 16) and an order granting a stay of discovery (ECF No. 34). Additionally, after the remand, there were over three months between the Court's scheduling order (ECF No. 57), which noted that Plaintiffs intended to seek summary judgment early in the proceedings, and Plaintiffs' oppositional brief to Defendant's Rule 56(d) motion (ECF No. 70). During this time, Plaintiffs assert that Defendant did not conduct any discovery, and Defendant does not refute this assertion in its reply. Additionally, Defendant does not show that additional discovery would affect this Court's conclusion. Defendant merely speculates that there may exist some piece of evidence that might show that Plaintiffs' records are inaccurate, and Defendant is incapable of providing any specifics regarding this evidence.

Defendant cites to other decisions where this District granted such relief. However, these citations are unavailing, because the factual circumstances of those cases are distinguishable. In *Federal National Mortgage Ass'n v. SFR Investments Pool 1, LLC*, No. 2:18-CV-001584-GMN-

GWF, 2019 WL 2176918, at *4–5 (D. Nev. May 20, 2019), this District found that "because Plaintiffs filed their summary-judgment motion *prior to discovery*, Rule 56(d) relief is appropriate." (emphasis added). Similarly, in *New Penn Financial, LLC v. Riverwalk Ranch Master Homeowners Ass'n*, No. 2:17-CV-02167-APG-CWH, 2018 WL 5621864, at *3 (D. Nev. Oct. 29, 2018), this District granted Rule 56(d) relief where the motion for summary judgment was filed prior to the Rule 26(f) conference. However, unlike those cases, Defendant has had over five months of discovery that it did not use.

Indeed, the most analogous cases denied 56(d) relief. *See Fed. Nat'l Mort. Ass'n v. KK Real Estate Inv. Fund*, 772 Fed. App'x 552, 553 (9th Cir. 2019) (affirming denial of 56(d) relief where "Fannie Mae . . . offered evidence of its interest in the Property, and KKRE offered no evidence to the contrary nor suggested that such evidence exists"); Order, *Bank of Amer., N.A. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-2768-MMD, ECF No. 130, 3:10–13 (D. Nev. June 4, 2019) (denying Rule 56(d) request for discovery to challenge Fannie Mae business records as "Fannie Mae's business records . . . have repeatedly been found as sufficient evidence establishing Fannie Mae's property interest for purposes of the Federal Foreclosure Bar"); *M&T Bank v. SFR Investments Pool 1, LLC*, No. 2:17-cv-1867-JCM-CWH, 2018 WL 6003854, at *3 (D. Nev. Nov. 15, 2018), *reconsideration denied*, No. 2:17-cv-1867-JCM-CWH, 2019 WL 1560426 (D. Nev. Apr. 10, 2019) (denying relief to challenge similar business records to show Enterprises' ownership of deeds of trust); *Ditech Fin. LLC v. SFR Investments Pool 1, LLC*, 380 F. Supp. 3d 1089, 1095 (D. Nev. 2019) (denying a defendant's Rule 56(d) motion after the Enterprises showed similar business records without any discovery). In total, the caselaw favors denying Defendant's motion for additional time to conduct discovery. Therefore, Defendant has not satisfied its burden under Rule 56(d), and the Court denies its motion and grants summary judgment for Plaintiffs.

///

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (ECF No. 62) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Counter Motion for Rule 56(d) Relief (ECF No. 68) is DENIED.

The clerk shall enter judgment accordingly and close the case.

IT IS SO ORDERED.

Dated this 6th day of DECEMBER 2019.

_____
ROBERT C. JONES
United States District Judge